Johnson, J.
The principle involved in this motion, came under the review of the Court in the case of Young v. Monpoey, decided a few days since, in which a distinction was taken between acknowledgments made before, and after a debt was barred *287 by the statute of limitations. In relation to the first class, it was held, that very slight circumstances would be sufficient to prevent the operation of the statute; but that to revive a debt already barred, there must be a promise to pay, either expressly or by implication. This case belongs to this latter class, for here the debt was barred at the time of the supposed acknowledgments. There is no express promise, and the only question is whether one can be implied: The admission by defendant that he drew the bill, and his offer to give a few dozen of wine to get it out of the bauds of the witness, when taken alone, and unconnected with the circumstances, furnish at best but very equivocal evidence of even the previous existence of a subsisting debt; but when taken in connexion with the defendant’s declarations, that he knew nothing about it, and that the plaintiffs could not recover it, they amount to nothing. The evidence shows not only the absence of an intention, on the part of the defendant, to reassume the payment; but shows, also, as clearly as circumstances well could, a determination not to pay. This is the conclusion drawn both by the judge, and by the jury who tried the case, and, this Court concurs with them.